IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORLES THEODORE NASH, TDCJ #02194826, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-1699 |
| BOBBY LUMPKIN, Director Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Corles Theodore Nash has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1) and an Application to Proceed In Forma Pauperis (Docket Entry No. 2). Acknowledging that he has not yet exhausted state court remedies as required, Nash has also filed Petitioner's Motion to Request Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody Be Held in Abeyance ("Petitioner's Motion to Stay") (Docket Entry No. 4). After considering all of the pleadings and the applicable law, the court will deny Petitioner's Motion to Stay and dismiss this case without prejudice for the reasons explained below.

I. **Procedural History**

On March 29, 2018, Nash was convicted and sentenced to 45 years in prison by the 272nd District Court of Brazos County,

Texas, in Cause No. 17-00269-CRF-272.¹ Court records reflect that Nash was convicted of aggravated assault with a deadly weapon in that case, which was affirmed on direct appeal. See Nash v. State, No. 07-18-00187-CR (Tex. App. — Amarillo, Nov. 7, 2019, pet. ref'd). Nash reports that the Texas Court of Criminal Appeals refused his petition for discretionary review on March 11, 2020.²

On May 17, 2021, the court received Nash's Petition for habeas corpus relief under 28 U.S.C. § 2254, which was executed by Nash on May 11, 2021.³ The Petition lists one claim for "Ineffective Assistance of Counsel," but provides no facts in support.⁴ Nash acknowledges that he has not exhausted state court remedies with respect to this proposed claim.⁵ Noting that the one-year statute of limitations on federal habeas corpus review is running, Nash asks the court to hold this case in abeyance while he exhausts his state court remedies.⁶

---

¹Petition, Docket Entry No. 1, p. 2. All pagination in this Memorandum Opinion and Order references the page numbers imprinted by the court's electronic filing system, ECF.

²Id. at 3.

³Id. at 10.

⁴Id. at 6.

⁵Id. at 7-8.

⁶Id. at 9 (referencing the limitations period found at 28 U.S.C. § 2244(d)); Petitioner' Motion to Stay, Docket Entry No. 4, pp. 1-2.

## II. Discussion

Under the governing federal habeas corpus statutes "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas [corpus] relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995) (citations omitted). Exceptions exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." Moore v. Quarterman, 454 F.3d 484, 491 (5th Cir. 2006) (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). In Texas a criminal defendant may challenge a conviction in two ways: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex.

CODE CRIM. PROC. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Nash concedes that he has not yet filed a state habeas corpus application under Article 11.07 to exhaust the sole claim proposed in his Petition, and he asks the court to stay this case while he does so. Requests to stay a federal habeas proceeding are governed by the criteria found in Rhines v. Weber, 125 S. Ct. 1528 (2005). In that case the Supreme Court addressed a "mixed" petition, containing both exhausted and unexhausted claims, and held that a stay for purposes of allowing a petitioner to return to state court was appropriate only in "limited circumstances." Id. at 1535. At a minimum, a petitioner must show good cause for his failure to exhaust. Id. He must also show that his unexhausted claims are not "plainly meritless." Id.

The Petition filed in this case is not mixed; it is wholly unexhausted. Nash has not alleged specific facts showing that he has pursued state habeas review with due diligence or that there is good cause for his failure to exhaust state court remedies.[7] More

---

[7]To the extent that Nash blames his delay on lack of access to his trial transcript, courts are not required to supply transcripts for indigent criminal defendants in cases pending on collateral review. See Moore v. Wainwright, 633 F.2d 406, 408 (5th Cir. 1980); Jackson v. Estelle, 672 F.2d 505, 506 (5th Cir. 1982)
(continued...)

importantly, Nash has not alleged facts in support of his proposed ineffective-assistance claim or shown that any potential claim has merit. Because Nash fails to satisfy the criteria found in Rhines, the court will deny his request for a stay and dismiss this action without prejudice for lack of exhaustion.[8]

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not

---

[7](...continued)
("[N]or is the state required to furnish complete transcripts so that defendants . . . may conduct 'fishing expeditions' to seek out possible errors at trial.").

[8]Nash is encouraged to promptly seek state habeas corpus review of his proposed claim without further delay. Provided that he pursues collateral review with due diligence before the limitations period expires, a state court habeas corpus application may extend the statute of limitations on federal review if the state court proceeding is "properly filed" for purposes of tolling under 28 U.S.C. § 2244(d)(2).

only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not debate whether any procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. Petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. Petitioner's Motion to Request Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody Be Held in Abeyance (Docket Entry No. 4) is **DENIED**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 26th day of May, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE